UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JASON K. PANSE, | ) ED CV 04-00883-SH |
| | ) |
| | ) MEMORANDUM DECISION |
| Plaintiff, | ) AND ORDER |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, Comm. | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

    This matter is before the court for review of the decision by the Commissioner of Social Security denying plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a Joint Stipulation, as well as a Joint Brief.

Although plaintiff concedes that he in fact did have actual notice of the scheduled consultative examinations, he claims he was too ill to attend on the scheduled dates. He claims he that he called the agency each time and explained the reason for his non-attendance.

Defendant faults plaintiff for the absence of evidence in the administrative record confirming that plaintiff was in fact ill on the days of his scheduled examinations, and faults plaintiff for never previously raising any good cause argument for not having attended the examinations.

At the hearing before the Administrative Law Judge (ALJ), the judge never inquired of plaintiff why he had missed the consultative examinations. Nor did the ALJ indicate at the hearing that the failure to attend the examinations would adversely affect the credibility determination of the ALJ. The missed appointments were simply not discussed, and the record was not developed on this point. Nor is it known why plaintiff's counsel did not raise the issue at the administrative level. Perhaps it was due to the ALJ not having indicated that the failure to attend the examinations would be considered adversely to plaintiff.

However, because illness on a day of a scheduled examination is good cause for not having attended an examination (20 C.F.R. 404.1518(b)(1), 416.918(b)), the ALJ should have inquired of plaintiff why he had missed the three scheduled examinations, and should have advised plaintiff that absent good cause, the ALJ was permitted to make an adverse credibility determination based on failure to attend. Failure to make such inquiry of plaintiff, yet then proceed with an adverse credibility determination, was fundamentally unfair.

The failure of plaintiff to attend the orthopedic examinations was clearly material to the ALJ's adverse credibility finding, despite the ALJ's reliance elsewhere on the records of the treating physicians. The adverse credibility determination was specifically made in regard to plaintiff's excess pain allegations, not his mental allegations (as defendant appears to suggest).

Accordingly, the decision of the Commissioner is reversed, and the matter is remanded for development of the record and further proceedings pursuant 42 U.S.C. Sec. 405(g), in accordance with this Decision.

DATED: March 30, 2006

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE